## J. F. SCHWITTERS, Appellee, *vs.* WARREN SPRINGER, Appellant.

*Opinion announced orally April 22, 1908.*

1. ABSTRACT OF RECORD—*an abstract of record should state the evidence in narrative form.* Rule 14 of the Supreme Court (204 Ill. 13) requires that the abstract of record shall be an abridgment of the record and state the evidence in narrative form, and it should not consist of a reproduction, in great part, of the questions and answers as found in the transcript of the record.

2. BRIEFS—*briefs should not reproduce the evidence at length.* Under rule 15 of the Supreme Court the evidence should not be copied at length in the brief and argument but reference should be made to the abstract of record; and in suits at law coming through the Appellate Court the brief and argument should merely state the principal facts which the evidence tends to prove, so as to show how the questions of law arise upon the record.

3. SAME—*counsel should not discuss questions plainly not open for review.* In preparing a brief and argument in a suit at law brought to the Supreme Court through the Appellate Court, counsel should not present and argue questions relating to the facts or the equities of the case which are manifestly not open to review in the Supreme Court.

4. SAME—*fear that one party may violate rule does not justify other party's violation.* Apprehension on the part of counsel for appellee that counsel for appellant may violate the rules by filing a reply brief containing an argument which should be presented, if at all, in his original brief, does not justify appellee's counsel in filing a brief which violates the rules, but he should file a proper brief, and if the reply brief is not in accordance with the rules he should move to strike it from the files.

5. SAME—*court may strike briefs from files of its own motion.* Where the abstract of record and the briefs and arguments do not comply with the rules and the latter contain long and unnecessary discussions of questions which are clearly not open for consideration by the Supreme Court, such court may, of its own motion, strike the same from the files.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

Mr. JUSTICE SCOTT announced the opinion of the court:

This is an action brought by Schwitters in the superior court of Cook county against Springer and another, for fraud and deceit. A judgment passed in favor of the plaintiff, which has been affirmed by the Appellate Court, and Springer prosecutes an appeal to this court.

Our attention has been called to the condition of the briefs and abstracts in the case. The rules of this court require that an abstract shall be an abridgment of the record and shall state the evidence in narrative form. This transcript contains about 850 pages and the abstract filed by the appellant contains over 300 pages, and instead of being an abridgment is a reproduction of a great part of the questions and answers as found in the transcript. An additional abstract has been filed by appellee, and it offends in like manner.

The brief and argument filed on the part of the appellant contains many questions and answers copied literally from the transcript, and is a violation of that rule which provides that evidence shall not be copied at length into the brief and argument. This brief and argument contains 46 pages, and a considerable portion of it is of this character. There are also set out therein statements of the positions taken by the appellant in the Appellate Court, with reasons in support of the contentions so made in that court, with a statement that the same things are insisted on in this court so far as the law permits this court to consider them. Certain of the questions so presented, while proper for consideration in the Appellate Court, clearly cannot be passed upon by us. It is the duty of attorneys to refrain from presenting and arguing to this court questions which manifestly and plainly are without our jurisdiction.

Both this brief and argument, and the brief and argument for the appellee, the latter of which contains 146 pages, are devoted very largely to a discussion of questions of fact, which we are powerless to determine. In

233—28

this case we can consider nothing but questions of law, and these discussions, so-far as we can determine, seem to be designed by the attorneys on either side to make their antagonists and the opposing party appear in as unfavorable a light as possible and to show that according to natural justice their respective clients should prevail. In a suit at law, such as this, equities cannot be considered. The only thing that should appear in these briefs and arguments in reference to the facts are statements of the principal or leading facts which the evidence tends to prove, so that we can see how the law questions discussed arise upon the record.

Appellee, conceding that his brief is not in accordance with the rules, seeks to justify himself by saying that in the Appellate Court counsel for the appellant filed with his original brief a short argument, and then in his reply brief included lengthy arguments that should have been presented, if at all, with the original brief, and that counsel for appellee, anticipating that counsel for appellant might pursue the same course in this court, has for that reason discussed the facts throughout about 100 pages of his brief. An apprehension of a violation of the rules by counsel on one side affords no excuse for counsel on the other side to violate them in like manner. The course appellee should have pursued, if he did not care to raise any objections to the brief and argument filed herein by appellant, was to file a brief in accordance with the rules, and if the reply brief was not in like accordance, a motion to strike would have been entertained. No restrictions should or will be placed upon the right of counsel, by the highest exercise of his ability and ingenuity, to present to this court in the most favorable manner the cause of his client so far as questions which we can rightfully consider are concerned, but we will not be burdened by briefs of the character of those that have been filed in this case, which contain long discussions of questions not to be adjudicated here.

Upon our own motion the abstracts and briefs will be stricken from the files. The parties will be granted leave to file abstracts and briefs at the next term which shall be in compliance with the rules of this court. If the appellant does not file such a brief and abstract the judgment will be affirmed for failure to comply with the rules. If, however, he files such a brief and abstract, and the brief and abstract filed by the appellee, in case the latter elects to file an additional abstract, are not in accordance with the rules, the case will be determined upon the consideration only of the brief and abstract filed by the appellant.

The cause will be continued.

*Briefs and abstracts stricken.*